IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Criminal Action No. |
| v. ) | 06-00391-01-CR-W-FJG |
| ) | |
| ALPHONZO HENDERSON, ) | |
| ) | |
| Defendant. ) | |

**REPORT & RECOMMENDATION TO DENY**
**DEFENDANT'S MOTION TO DISMISS**

Before the court is Defendant's pro se Motion to Dismiss (Doc. No. 69). Defendant moves the court to dismiss the Indictment against him due to lack of subject matter jurisdiction under the Commerce Clause.[1] For the following reasons, Defendant's motion should be denied.

## I. BACKGROUND

An indictment was returned on November 2, 2006, charging Defendant with one count of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1). The indictment read:

> On or about October 22, 2006, in the Western District of Missouri, the defendant, ALPHONZO HENDERSON, having been convicted of crimes punishable by imprisonment for terms exceeding one year, did knowingly possess, in and affecting commerce, a firearm, to wit, a Mossberg, Model 183KB, .410 shotgun, which had been transported interstate commerce.

---

[1] Defendant moves the Court to dismiss the Indictment due to lack of subject matter jurisdiction under the Commerce Clause or, in the alternative, to "allow the Jury to determine whether or not the (Firearm) was Interstate Commerce or a [In]strumentality or thing in Interstate Commerce, at the time it was Allegedly found in defendant's possession." (Doc. No. 69, p. 8 at ¶ 12). This Report and Recommendation does not address the proper jury instructions to be given, as that matter will be decided by the District Judge during trial.

All in violation of Title 18, United States Code, Sections 922(g)(1) and 924(e)(1).

(Doc. No. 12).

On July 23, 2007, Defendant filed a pro se motion to dismiss (Doc. No. 69). At that time, Defendant was represented by Anita Burns. On September 6, 2007, after Defendant had been found competent to stand trial, I held a hearing regarding Defendant's pro se motion and advised Defendant he could not file motions on his own behalf while represented by counsel (Doc. No. 90). On September 10, 2007, Defendant elected to represent himself (Doc. No. 93). I, therefore, ordered the government to respond to Defendant's pro se motion to dismiss (Doc. No. 94). On September 24, 2007, the government filed its response (Doc. No. 100). Defendant replied to the government's response on October 2, 2007 (Doc. No. 106).

## II. LEGAL ANALYSIS

Defendant moves for dismissal of the indictment against him on grounds that the Court lacks subject matter jurisdiction. Specifically, Defendant argues in his motion to dismiss that (1) 18 U.S.C. § 922(g)[2] is a criminal statute that "has nothing to do with Commerce[ ] or any sort of economic enterprise," and (2) Congress loses its power to regulate goods when the goods loose their interstate character. Defendant's reply states he is not challenging Congress' power under the Commerce Clause to criminalize his alleged possession of a firearm, but maintains the position that the firearm lost its interstate character prior to his alleged possession. For purposes of providing a

---

[2]Section 922(g)(1) provides, "It shall be unlawful for any person who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year to . . . possess in or affecting commerce, any firearm or ammunition."

2

complete record, I will address both arguments.

Defendant first maintains that Congress was without authority to enact 18 U.S.C. § 922(g). He contends that under <u>United States v. Lopez</u>, 514 U.S. 549 (1995), mere possession of a firearm is not an activity that substantially affects interstate commerce. The law in the Eighth Circuit in this area is well-settled and contrary to Defendant's position.

In <u>Lopez</u>, the Supreme Court identified "three broad categories of activity that Congress [could] regulate under its commerce power." <u>Id</u>. at 558. That is, Congress can regulate (1) "the use of the channels of interstate commerce," (2) "the instrumentalities of interstate commerce, or persons or things in interstate commerce," and (3) "activities having a substantial relation to interstate commerce." <u>Id</u>. at 558-59. In cases involving challenges to the third category, such as Defendant's challenge here, "the proper test requires an analysis of whether the regulated activity 'substantially affects' interstate commerce." <u>Id</u>. at 559.

Courts within the Eighth Circuit have consistently found that Congress' prohibition of felons possessing firearms, as contained in 18 U.S.C. § 922(g), is "clearly tied to interstate commerce." <u>United States v. Shelton</u>, 66 F.3d 991, 992 (8th Cir. 1995)(quoting <u>United States v. Rankin</u>, 64 F.3d 338, 339 (8th Cir. 1995); <u>see also</u> <u>United States v. Leathers</u>, 354 F.3d 955, 959 (8th Cir. 2004); <u>United States v. Letts</u>, 264 F.3d 787, 789-90 (8th Cir. 2001); <u>United States v. Stuckey</u>, 255 F.3d 528, 529-30 (8th Cir. 2001); <u>United States v. Bates</u>, 77 F.3d 1101, 1104 (8th Cir. 1996)(holding application of 18 U.S.C. § 922(g)(1) to be "eminently constitutional"); <u>United States v. Mosby</u>, 60 F.3d 454, 456 n.3 (8th Cir. 1995). In <u>Shelton</u>, the Eighth Circuit stated, "[S]ection 922(g) contains an interstate commerce element - that the firearms in question must have been shipped, transported,

3

or possessed 'in or affecting' interstate commerce - which in turn 'ensure[s], through case-by-case inquiry, that the firearm possession in question affects interstate commerce.'" 66 F.3d at 992 (quoting Lopez, 514 U.S. at 561).

This case is no different. The above-cited authority forecloses Defendant's position that Congress lacked the authority to prohibit felons from possessing firearms through 18 U.S.C. § 922(g). Congress was acting well within its authority under the Commerce Clause when it enacted this statute. The express jurisdictional element in Section 922(g) satisfies the necessary link to interstate commerce. As a result, I find that 18 U.S.C. § 922(g) is a constitutional exercise of Congress' authority under the Commerce Clause and that this Court thus does not lack subject matter jurisdiction. Defendant's motion to dismiss should be denied on this basis.

Next, Defendant argues that "the firearm in question lost its Interstate Commerce Character prior to the time of his Alleged possession since an object cannot remain within Interstate Commerce [I]ndefinitely" (sic). Courts in this Circuit have repeatedly rejected this argument. "To satisfy the interstate commerce element of section 922(g), it is sufficient that there exists 'the minimal nexus that the firearm[s] have been, at some time, in interstate commerce." Bates, 77 F.3d at 1104 (quoting Shelton, 66 F.3d at 992 (emphasis added); see also United States v. Abernathy, 277 F.3d 1048, 1050 (8th Cir. 2002)(holding firearm manufactured in Massachusetts and purchased by Defendant's grandfather in 1946 or 1947 maintained connection to interstate commerce); United States v. Carter, 270 F.3d 731, 734-35 (8th Cir. 2001).

Contrary to Defendant's argument, a firearm that has been transported in interstate commerce does not eventually lose its interstate character. Eighth Circuit law merely requires that the firearm

4

travel in interstate commerce at some time. Here, Defendant acknowledges that the firearm at issue was transported across state lines into Missouri. (See Doc. No. 69, p. 8 at ¶¶ 9, 10). This satisfies 18 U.S.C. § 922(g)'s "minimal nexus" requirement. Defendant's motion to dismiss should be denied.

Based on the above, I find that (1) Congress' enactment of 18 U.S.C. § 992(g) prohibiting felons from possessing firearms is constitutional under the Commerce Clause and (2) a firearm that has been transported across state lines does not lose its interstate character by the mere passage of time. Accordingly, it is

RECOMMENDED that the court, after making an independent review of the record and applicable law, enter an order denying Defendant's pro se motion to dismiss for lack of subject matter jurisdiction.

Government counsel and Defendant are advised that, pursuant to 28 U.S.C. § 636(b)(1), each has ten days from the date of this report and recommendation to file and serve specific objections, unless an extension of time for good cause is obtained.

*/s/ Robert E. Larsen*
ROBERT E. LARSEN
United States Magistrate Judge

Kansas City, Missouri
October 2, 2007

5

Case 4:06-cr-00391-ODS   Document 108   Filed 10/03/07   Page 5 of 5