IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 06-00391-01-CV-W-ODS |
| | ) | |
| ALPHONZO HENDERSON, | ) | |
| | ) | |
| Defendant. | ) | |

ORDER OVERRULING DEFENDANT'S OBJECTIONS, ADOPTING MAGISTRATE
JUDGE'S REPORT AND RECOMMENDATION, AND DENYING DEFENDANT'S
MOTION TO SUPPRESS STATEMENT

On September 24, 2007, the Honorable Robert E. Larsen, United States Magistrate Judge for this District, issued his Report and Recommendation (the "Report") recommending Defendant's Motion to Suppress Statement be denied. Defendant filed timely objections. Upon de novo review of the Record, including Defendant's Motion to Suppress Statement (Doc. # 66), the Government's Response to the Motion to Suppress (Doc. # 67), the Transcript of Hearing on the Motion to Suppress and accompanying exhibits (Doc. # 96), the Report (Doc. # 97), and Defendant's Objections to the Report (Doc. # 107), the Court is persuaded that the Report's conclusions and resulting recommendation are correct.

The Report is detailed and thorough, so little needs to be added. Defendant contends his October 22, 2006 statement to Detective Eastwood was obtained in violation of the Fifth Amendment, arguing that (1) intoxication prevented him from voluntarily waiving his Miranda rights and (2) questioning should have stopped when he asked for an attorney. The evidence presented at the Hearing on the Motion to Suppress shows that Defendant's Fifth Amendment rights were not violated.

There was conflicting testimony regarding whether Defendant was intoxicated when he signed a waiver of rights form and gave his statement. This Court finds the testimony of Detective Garry Eastwood, stating that Defendant did not appear or act

drunk or high, more credible than the contrary testimony of Defendant. Detective Eastwood has over fifteen years of experience with the Kansas City, Missouri Police Department and has dealt with thousands of suspects who were under the influence. His observation that Defendant was not intoxicated is consistent with that of the officers' who first received Defendant at Police Headquarters, who, independent of Detective Eastwood's observations, decided Defendant did not need to be put in the location where officers normally place suspects that arrive drunk or high.

Additionally, Detective Eastwood's observation is not inconsistent with a statement made by Ms. Bennett when officers arrived at the scene, which indicated Defendant appeared to be under the influence. More than two and a half hours passed between Ms. Bennett's observation and the time of Defendant's waiver of rights-- sufficient time to regain adequate functioning if Defendant had in fact been under the influence. Furthermore, Defendant's statements were made voluntarily. The interrogation lasted for only thirty to forty-five minutes and did not involve the use of threats, violence, or promises to elicit responses from Defendant.

There was also conflicting testimony regarding whether Defendant requested an attorney during questioning. Defendant's Motion to Suppress does not allege that he requested an attorney; the allegation was made for the first time at the Hearing on the Motion to Suppress. Detective Eastwood testified that Defendant did not request an attorney. This Court finds Detective Eastwood's testimony to be more credible.

Defendant makes several objections to the Report. However, most of these objections are legally irrelevant to the issue of whether his statements were elicited in violation of the Fifth Amendment. Defendant also challenges the Magistrate Judge's factual findings. However, this Court has conducted a de novo review and has come to the same conclusions.

For these reasons, the Report is adopted as the Order of the Court and Defendant's Motion to Suppress Statement is denied.

IT IS SO ORDERED.

2

Case 4:06-cr-00391-ODS   Document 134   Filed 10/23/07   Page 2 of 3

DATE: October 23, 2007

/s/ Ortrie D. Smith
ORTRIE D. SMITH, JUDGE
UNITED STATES DISTRICT COURT