IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 06-00391-01-CV-W-ODS |
| ) | |
| ALPHONZO HENDERSON, ) | |
| ) | |
| Defendant. ) | |

ORDER OVERRULING DEFENDANT'S OBJECTIONS, ADOPTING MAGISTRATE
JUDGE'S REPORT AND RECOMMENDATION, AND DENYING DEFENDANT'S
MOTION TO DISMISS

On October 3, 2007, the Honorable Robert E. Larsen, United States Magistrate Judge for this District, issued his Report and Recommendation (the "Report") recommending Defendant's Motion to Dismiss the Indictment (Doc. # 69) be denied. Defendant filed timely objections. After reviewing the Record de novo, the Court is persuaded that the Report's conclusions and resulting recommendation are correct.

Defendant contends the Indictment should be dismissed due to lack of subject matter jurisdiction under the Commerce Clause. Defendant is charged with one count of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1). In his Motion to Dismiss, Defendant argues that § 922(g), which makes it a crime for a felon to possess a firearm, "has nothing to do with Commerce[ ] or any sort of economic enterprise." He also argues that Congress loses its power to regulate goods when the goods lose their interstate character. Defendant's reply clarifies that he is not challenging Congress' constitutional authority to criminalize his alleged possession of a firearm, but rather that the firearm lost its interstate character before his alleged possession of it.

Judge Larsen's Report addresses both arguments. The Court agrees that abundant authority in the Eighth Circuit holds that possession of a firearm is an activity that substantially affects interstate commerce, providing Congress its authority to

criminalize such possession under the Commerce Clause. E.g., United States v. Bates, 77 F.3d 1101, 1104 (8th Cir. 1996) (holding application of 18 U.S.C. § 922(g)(1) to be "eminently constitutional"). Additionally, the Eighth Circuit has already rejected Defendant's second argument that the specific firearm in question had lost its interstate commercial character prior to his alleged possession. E.g., United States v. Abernathy, 277 F.3d 1048, 1050 (8th Cir. 2002) (holding a firearm manufactured in Massachusetts and purchased by Defendant's grandfather in 1946 or 1947 maintained its connection to interstate commerce). Therefore, a firearm that has been transported in interstate commerce cannot eventually lose its interstate character. If, at some time, the firearm in question crossed state lines, (and here, Defendant acknowledges that it did, See Doc. # 69, p.8 at ¶¶ 9, 10), it satisfies § 922(g).

In the event the Motion to Dismiss is denied, Defendant asks, in the alternative, for the Court to allow the jury to determine whether or not the firearm was involved in interstate commerce. Pursuant to the foregoing discussion, the jury will not be allowed to consider whether the firearm, though traveling interstate, had lost its interstate character. However, the jury will be instructed that it must decide whether the firearm was transported across a state line at some time during or before the defendant's possession of it.

For these reasons, the Report is adopted as the Order of the Court and Defendant's Motion to Dismiss is denied.

IT IS SO ORDERED.

DATE: October 23, 2007

/s/ Ortrie D. Smith
ORTRIE D. SMITH, JUDGE
UNITED STATES DISTRICT COURT

