IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 06-00391-01-CR-W-ODS |
| ) | |
| ALPHONZO HENDERSON, ) | |
| ) | |
| Defendant. ) | |

## ORDER OVERRULING DEFENDANT'S OBJECTIONS, ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, AND DENYING DEFENDANT'S MOTION TO SUPPRESS WEAPON

On October 9, 2007, the Honorable Robert E. Larsen, United States Magistrate Judge for this District, issued his Report and Recommendation (the "Report") recommending Defendant's Motion to Suppress Weapon (Doc. # 88) be denied. Defendant filed timely objections. Upon de novo review of the Record, the Court is persuaded that the Report's conclusions and resulting recommendation are correct.

The Report is detailed and thorough, so little needs to be added. Defendant contends the firearm recovered from 2200 Oakley, Kansas City, Missouri, should be suppressed, arguing that (1) police unlawfully entered and searched the bedroom where the firearm was recovered, and (2) police did not have a warrant or probable cause for his arrest. The Court overrules Defendant's objections and adopts the Report as the Order of the Court.

The Court agrees that the warrantless entry and search was lawful because two exceptions to the warrant requirement existed. First, Allie Bennett consented to the officers' entry into the residence. Regardless of who legally owned or leased the premises, it is uncontradicted that Allie Bennett lived there. Thus, Allie Bennett possessed common authority over 2200 Oakley, and could therefore grant the officers valid entry into the residence when they arrived. See United States v. Matlock, 415 U.S. 164, 171 (1974).

Second, exigent circumstances justified entry into the residence without a warrant. Police may enter a home without a warrant when exigent circumstances are present. United States v. Ball, 90 F.3d 260, 263 (8th Cir. 1996). A reasonable fear of harm and a reasonable belief that a person is in need of immediate aid constitute exigent circumstances. Mincy v. Arizona, 437 U.S. 385, 392 (1978) (need of immediate aid); United States v. Williams, 633 F.2d 742, 744 (8th Cir. 1980) (fear of harm). Officers Mills and Ackerman were dispatched to investigate a suspicious party armed with a gun. Upon their arrival, Veronica Bennett's son told the officers that his mother's husband was walking around the house with a gun stating he was going to kill someone. Given these facts, the Court agrees that a reasonable officer would have felt there was not adequate time to secure a warrant to prevent harm or render aid to the occupants of the residence.

The Court also finds that the warrantless search of Veronica Bennett's bedroom was lawful. Even if Allie Bennett could not give valid consent to search Veronica Bennett's bedroom over Veronica's objections, the search was justified by exigent circumstances. Upon entering the residence in search of a man wielding a firearm, Allie Bennett pointed to her daughter's bedroom and whispered, "He's in there. He has a gun." Officers then observed the light in the bedroom go off and heard whispering inside the room. Officer Ackerson testified he believed the individuals inside the room may have been attempting to conceal their presence in the room, attempting to conceal the weapon, or planning to do harm. Further, the officers testified they did not know whether Veronica Bennett was being held against her will, or whether Defendant was planning to shoot himself and/or Veronica. The room's occupants never answered the door or responded to the officers' knocks. A reasonable officer would have believed that exigent circumstances necessitated entry into the room. Likewise, once inside the room, the search for the firearm was reasonable based on the officers' legitimate concern for safety.

This Court agrees with the Report's finding that Defendant was inside the bedroom when the officers arrived, not in the bathroom as Defendant testified. The officers' testimony is corroborated by Allie Bennett's statement. Additionally,

2

Case 4:06-cr-00391-ODS   Document 136   Filed 10/24/07   Page 2 of 4

Defendant's testimony at the suppression hearing (that he was in the bathroom) conflicts with his Motion to Suppress, where Defendant states he was in the bedroom helping Veronica with her clothes when the police arrived. (See Doc. # 88, at p. 2).

This Court finds an additional reason to deny Defendant's Motion to Suppress. Defendant does not have standing to assert a Fourth Amendment violation. Fourth Amendment rights are personal and may not be asserted vicariously. United States v. Gomez, 16 F.3d 254, 256 (8th Cir. 1994). Defendant only has standing to assert the alleged Fourth Amendment violation if he had a reasonable expectation of privacy in the residence and/or bedroom. Id. Defendant testified that he does not live at 2200 Oakley. (10/02/07 Tr. at 65). Veronica Bennett also testified that 2200 Oakley was not Defendant's home and that the bedroom where the firearm was found was not Defendant's bedroom. (10/03/07 Tr. at 16, 28). This Court agrees that the officers' entry and search was lawful. However, even assuming its illegality, if Defendant's hearing testimony is true, Defendant does not have standing to challenge the search.

Defendant also argues the firearm should be suppressed because the police did not have a warrant or probable cause for his arrest. The Court overrules this objection and adopts the Report as the Order of the Court. Probable cause for arrest exists when police know that an individual has outstanding warrants. United States v. Willis, 967 F.2d 1220, 1224 (8th Cir. 1992). When the officers entered the bedroom they detained Defendant while they made the residence safe. The officers soon learned that Defendant was a convicted felon who also had two active arrest warrants and a bench warrant for a probation violation. Probable cause therefore existed for the officers to lawfully arrest Defendant.

Defendant's Reply to the Government's Suggestions in Opposition also challenges the manner in which the suppression hearing was conducted. He argues (1) Defendant was not allowed to confront the witnesses against him; (2) the Court admitted hearsay into evidence; and (3) Defendant was not notified of the October 3, 2007, suppression hearing. The Court also overrules these objections. First, the witnesses Defendant contends he was not allowed to cross examine during the October 2, 2007, suppression hearing were not called by the Government to testify. Second,

3

Case 4:06-cr-00391-ODS   Document 136   Filed 10/24/07   Page 3 of 4

"[a]t a suppression hearing, the court may rely on hearsay and other evidence, even though that evidence would not be admissible at trial." United States v. Raddatz, 447 U.S. 667, 679 (1980); see also United States v. Henderson, 471 F.3d 935, 938 (8th Cir. 2006). Third, Judge Larsen entered an order on September 25th, scheduling the suppression hearing for October 2nd. A copy of this order was mailed to Defendant on September 25th. Additionally, even if Defendant did not receive notice with enough time to subpoena his witnesses, Defendant suffered no prejudice because Judge Larsen continued the hearing until October 3rd so that Defendant could present the testimony of Veronica Bennett and her son.

For these reasons, the Report is adopted as the Order of the Court and Defendant's Motion to Dismiss is denied.

IT IS SO ORDERED.

DATE: October 24, 2007

/s/ Ortrie D. Smith
ORTRIE D. SMITH, JUDGE
UNITED STATES DISTRICT COURT