IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| ALPHONZO HENDERSON, ) <br> ) <br> Petitioner, ) <br> ) <br> vs. ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> ) <br> Respondent. ) | Case No. 16-00572-CV-W-ODS <br> Crim. No. 06-CR-00391-ODS-1 |

## ORDER AND OPINION GRANTING PETITIONER'S MOTION TO CORRECT SENTENCE UNDER 28 U.S.C. § 2255

Pending is Petitioner Alphonzo Henderson's Motion to Correct Sentence under 28 U.S.C. § 2255. Doc. #1. Petitioner seeks to be resentenced pursuant to *Johnson v. United States*, 135 S. Ct. 2551 (2015), which held that the Armed Career Criminal Act's ("ACCA") residual clause is unconstitutional. The Government contends *Johnson* did not impact Petitioner's sentence and he remains an armed career criminal. Doc. #7, at 1. The Government further argues Petitioner's motion is based on *Mathis v. United States*, 136 S. Ct. 2243 (2016), a decision the Government contends does not apply retroactively and affords no relief to Petitioner. *Id.* at 2. For the reasons stated below, the Court grants Petitioner's motion.

### I. BACKGROUND

On October 30, 2007, Petitioner was found guilty after a jury trial of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Ordinarily, that offense carries a maximum punishment of ten years' imprisonment. 18 U.S.C. § 924(a)(2). However, the ACCA requires a minimum sentence of fifteen years if a person violating 18 U.S.C. § 922(g) has three prior convictions for a "violent felony." 18 U.S.C. § 922(e)(1). A "violent felony" is defined as a felony that "(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii)

burglary, arson, or extortion, involves the use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another.*"  18 U.S.C. § 924(e)(2)(B) (emphasis added).  The italicized portion of the definition constitutes the "residual clause" held unconstitutional in *Johnson*.

A presentence investigation report ("PSR") was prepared after Petitioner's trial in which he was found guilty.  Although the PSR did not specify which convictions supported an ACCA enhanced sentence, the PSR found Petitioner had at least three qualifying convictions.  The PSR indicated Petitioner had prior convictions for first-degree burglary, second-degree burglary, sodomy, second-degree assault, armed criminal action, and unlawful use of a weapon.  On April 15, 2008, the Court sentenced Petitioner to 262 months' imprisonment.

Petitioner asserts his two burglary, unlawful use of a weapon, and sodomy convictions do not qualify as predicate offenses and he is not subject to the ACCA's enhanced sentencing provisions.  The Government concedes Petitioner's sodomy conviction does not qualify as an ACCA predicate offense.  *See* Doc. #7, at 1, n. 1.  Petitioner's second-degree assault, armed criminal action, and unlawful use of a weapon convictions qualify as only one ACCA predicate offense if the Court determines the three convictions occurred on the same occasion.  *See* 18 U.S.C. § 924(e)(1) (to qualify under the ACCA, offenses must be "committed on occasions different from one another").  Therefore, if Petitioner's burglary convictions are not ACCA qualifying offenses, and the incident involving Petitioner's second-degree assault, armed criminal action, and unlawful use of a weapon convictions did not occur on different occasions, Petitioner does not have three ACCA qualifying offenses and is no longer an armed career criminal.

## II.  DISCUSSION

"A prisoner…claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States…or that the sentence was in excess of the maximum authorized by law…may move the court which imposed the sentence to vacate, set aside or correct the sentence."  18 U.S.C. § 2255(a).  The Court first finds Petitioner's motion to vacate was timely because it was

filed within one year of the Supreme Court's decision in *Johnson*. See 28 U.S.C. § 2255(f)(3). The Court also finds, based upon *Welch v. United States*, 136 S. Ct. 1257 (2016), that *Johnson* applies retroactively.

**(A)**

The Government argues *Mathis*, which held Iowa's second-degree burglary statute could not be used to enhance a defendant's sentence under the ACCA, does not apply retroactively. Doc. #7, at 11. If true, Petitioner is not entitled to relief. *Mathis*, however, did not present a new rule of criminal procedure. *Welch*, 136 S. Ct. at 1264 (stating "new constitutional rules of criminal procedure will not be applicable to those cases which have been final before the new rules are announced" but "new *substantive* rules generally apply retroactively.") (citations and internal quotations omitted).

In *Mathis*, the Supreme Court made clear its decision followed decades of precedent. 136 S. Ct. at 2447. Justice Kagan wrote: "For more than 25 years, our decisions have held that the prior crime qualifies as an ACCA predicate if, but only if, its elements are the same as, or narrower than, those of the generic offense." *Id*. She further stated: "For more than 25 years, we have repeatedly made clear that application of ACCA involves, and involves only, comparing elements." *Id.* at 2257. In *Mathis*, the Supreme Court noted the "elements-based approach" was and remains the law. *Id*. The Supreme Court simply examined whether "a statute that lists multiple, alternative means for satisfying one (or more) of its elements" is an exception to that rule. *Id.* at 2248.

Relying on twenty-five years of precedent, the Supreme Court examined Iowa's second degree burglary statute. In doing so, it applied the "elements-based approach," an approach that has been the law for more than two decades. Thus, *Mathis* does not present a new rule or procedure. This is further established in at least two of the Eighth Circuit's recent decisions discussing *Mathis*. On July 21, 2016, the Eighth Circuit remanded a matter to a district court to determine, in light of *Mathis*, whether Missouri's burglary statute lists alternative means or alternative elements. *United States v. Bess*, Case No. 15-3806, 2016 WL 3923888, at *1-2 (8th Cir. July 21, 2016). Further, on August 9, 2016, the Eighth Circuit applied *Mathis* and its reasoning in examining

3

Minnesota's second degree assault statute. *United States v. Headbird*, Case No. 15-3178, 2016 WL 4191186, at *2-3 (8th Cir. Aug. 9, 2016). Both matters were submitted to the Eighth Circuit prior to *Mathis*. In neither case did the Eighth Circuit indicate concerns with retroactivity. Rather, the Eighth Circuit's actions indicate retroactivity is not at issue. Accordingly, the Court rejects the Government's argument that *Mathis* should not be applied retroactively.

**(B)**

The Government also argues Petitioner's claim is procedurally defaulted because he did not object to the use of his burglary convictions as ACCA predicate offenses during his sentencing or on direct appeal. Doc. #7, at 5. A movant is generally barred from asserting claims in a section 2255 appeal, such as Petitioner's claim here, that the movant failed to raise on direct appeal. *See McNeal v. United States*, 249 F.3d 747, 749 (8th Cit. 2001). A movant may raise a procedurally defaulted claim on appeal by demonstrating cause for the default and prejudice or actual innocence. *Id.* However, *Johnson*, the case upon which Petitioner makes his motion, announced a new substantive rule of law. *Welch*, 136 S. Ct. at 1268. Because this rule of law was unavailable to Petitioner at the time of his sentencing, Petitioner did not procedurally default his ability to challenge the length of his sentence in light of *Johnson*. *See Reed v. Ross*, 468 U.S. 1, 16 (1984) (holding "where a constitutional claim is so novel that its legal basis is not reasonably available to counsel, a defendant has cause for his failure to raise the claim in accordance with applicable state procedures."). Thus, the Court rejects this argument.

**(C)**

To qualify for an ACCA enhancement, the Court must find Petitioner has at least three qualifying offenses "committed on occasions different from one another." 18 U.S.C. § 924(e)(1). "[E]ach conviction must be a separate and distinct criminal episode, rather than part of a continuous course of conduct." *United States v. Deroo*, 304 F.3d 824, 828 (8th Cir. 2002). In considering whether offenses "are sufficiently separate and distinct," the Court considers: "(1) the time lapse between offenses, (2) the physical

4

distance between their occurrence, and (3) their lack of overall substantive continuity, a factor that is often demonstrated in the violent-felony context by different victims or different aggressions." *United States v. Willoughby*, 653 F.3d 738, 742-43 (8th Cir. 2011). The Court "may consider both the offenses of conviction and the underlying facts to determine whether the offenses were committed on different occasions." *United States v. Davidson*, 527 F.3d 703, 707 (8th Cir. 2006), *vacated in part on other grounds by*, 551 F.3d 807, 808 (8th Cir. 2008) (per curiam).

According to the PSR,[1] Petitioner was convicted of second-degree assault, armed criminal action, and unlawful use of a weapon after an incident involving his girlfriend on July 4, 1999. The PSR indicates the two had a fight in which Petitioner, among other things, struck his girlfriend with a table leg and threatened her multiple times with a knife. The PSR does not describe the time of day when this occurred, but does state Petitioner "beat [the girlfriend] for about two hours" and Petitioner's girlfriend spent the night on a couch in Petitioner's presence fearing he would assault her further if she attempted to move. PSR, ¶ 47.

Under Eighth Circuit precedent, both second-degree assault and unlawful use of a weapon qualify as violent felonies under the ACCA. See *United States v. Alexander*, 809 F.3d 1029, 1033 (8th Cir. 2016) (holding Missouri second-degree assault is a "violent felony" for ACCA sentencing purposes); *United States v. Pulliman*, 566 F.3d 784, 788 (8th Cir. 2009) (holding Missouri unlawful use of a weapon is a "violent felony" for ACCA sentencing purposes). However, as explained above, the ACCA requires offenses to be committed on occasions different from one another. The incident giving rise to Petitioner's charges was the result of a "continuous course of conduct," and involved both the same victim and the same general incident of aggression. *Deroo*, 304 F.3d at 828. The Government argues it is "unclear from the record" whether Petitioner's charges from this incident were committed on different occasions, perhaps alluding to the PSR's mention of July 7, 1999 as the date Petitioner's girlfriend reported the crimes. Doc. #7, at 1, n. 1. But the PSR gives no indication that the conduct giving rise to these charges occurred on separate dates. Because Petitioner's three convictions stemming from the incident with his girlfriend occurred on the same occasion, Petitioner's second-

---

[1] The PSR is Doc. #168 in the criminal case, No. 06-CR-00391-ODS-1.

degree assault and unlawful use of a weapon charges only qualify as a single ACCA predicate offense.

**(D)**

The ACCA defines the term "violent felony" to include any felony, whether state or federal, that "is burglary, arson, or extortion." 18 U.S.C. § 924(e)(2)(B)(ii). A prior crime qualifies as an ACCA predicate "if, but only if, its elements are the same as, or narrower than, those of the generic offense." *Mathis*, 136 S. Ct. at 2247. "That means as to burglary – the offense relevant in this case – that Congress meant a crime 'contain[ing] the following elements: an unlawful or unprivileged entry into…a building or other structure, with intent to commit a crime.'" *Id.* at 2248 (quoting *Taylor v. U.S.*, 495 U.S. 575, 598 (1990)). "[I]f the crime of conviction covers any more conduct than the generic offense, then it is not an ACCA 'burglary' – even if the defendant's actual conduct (i.e., the facts of the crime) fits within the generic offense's boundaries." *Id.*

"To determine whether a prior conviction is for generic burglary (or other listed crime) courts apply what is known as the categorical approach: They focus solely on whether the elements of the crime of conviction sufficiently match the elements of generic burglary, while ignoring the particular facts of the case." *Id.* at 2248. The Court must distinguish between elements and facts. *Id.* Elements are "things the prosecution must prove to sustain a conviction" and are "what the jury must find beyond a reasonable doubt to convict the defendant." *Id.* (citations and internal quotations omitted). Facts, on the other hand, are "extraneous to the crime's legal requirements" and "have[] no legal effect [or] consequence." *Id.* (citations omitted).

In *Mathis*, the Supreme Court examined Iowa's burglary statute, which lists multiple, alternative means of satisfying one of its elements – to wit, the place where a burglary can occur. *Id.* at 2248, 2250. Generic offense of burglary requires unlawful entry into a "building or other structure." *Id.* Iowa's statute, however, reaches a broader range of places where a burglary can occur: "any building, structure [or] land, water, or air vehicle." *Id.* at 2250 (quoting Iowa Code § 702.12 (2013)). These listed locations are not "alternative elements," but are "alternative ways of satisfying a single locational element." *Id.* (citations omitted). The Supreme Court found the Iowa burglary statute

6

Case 4:06-cr-00391-ODS   Document 190   Filed 09/16/16   Page 6 of 10

was overbroad for the purposes of an ACCA enhancement because the elements of Iowa's burglary law were broader than those of generic burglary. *Id.* at 2251, 2257.

The Supreme Court noted the threshold inquiry – elements or means – may be resolved easily by the statute on its face or when a state court definitely answers the question. *Id.* at 2256. If state law does not provide a clear answer, a court may look to a limited number of documents, such as the indictment, jury instructions, or plea agreement and colloquy to determine what crime – and the elements of the crime – of which the defendant was convicted. *Id.* at 2249. In *Mathis*, the Court's analysis was straightforward because the Iowa Supreme Court found the listed premises in Iowa's burglary law provided alternative methods of committing the offense. *Id.* at 2256 (citing *State v. Duncan*, 312 N.W.2d 519, 523 (Iowa 1981)). Unfortunately, neither the parties nor the Court has located a Missouri case finding Missouri's burglary statute's listed premises are elements or means. Thus, the Court must examine the burglary statute at issue.

Under Missouri law, "a person commits the crime of burglary in the second degree when he knowingly enters unlawfully or knowingly remains unlawfully in a building or inhabitable structure for the purpose of committing a crime therein.'" Mo. Rev. Stat. § 569.170.1 (2007). "Building" is not statutorily defined. "Inhabitable structure" includes a "ship, trailer, sleeping car, airplane, or other vehicle or structure" where a person lives or carries on business; where people assemble for purposes of business, education, religion, government, entertainment, or public transportation; or is used for overnight accommodation. Mo. Rev. Stat. § 569.010(2) (2007). A vehicle or structure is inhabitable regardless of whether a person is present. *Id.* Missouri's burglary statute, much like Iowa's burglary statute, lists a range of locations satisfying an element of the crime. Based upon the face of the statute, these listed locations appear to be alternative ways of satisfying the location element of the crime of burglary in Missouri.

Whether the alternative locations are elements or means is further evinced by the Missouri approved charge and model jury instructions, which are approved by the Missouri Supreme Court and are mandatory. The Missouri Approved Charge for second-degree burglary directs the charging officer to choose either "building" or

7

"inhabitable structure" and "briefly describe the location" of the building or inhabitable structure.

### 23.54 BURGLARY IN THE SECOND DEGREE

The (Grand Jurors) (Circuit Attorney) (Prosecuting Attorney) of the (City) (County) of _____, State of Missouri, charge(s) that the defendant, in violation of Section 569.170, RSMo, committed the class C felony of burglary in the second degree, punishable upon conviction under Sections 558.011 and 560.011, RSMo, in that (on) (on or about) [*date*], in the (City) (County) of _____, State of Missouri, the defendant knowingly (entered) (remained) unlawfully in (a building) (an inhabitable structure), located at [*Briefly describe location.*] and (owned) (possessed) by [*name of owner or possessor*], for the purpose of committing [*name of crime*] therein.

Mo. Approved Charge 23.54 (1998).

Similarly, the Missouri Approved Instruction for second degree burglary requires the submission of either "building" or "inhabitable structure" in the verdict director:

### 323.54 BURGLARY IN THE SECOND DEGREE

(As to Count \_\_\_\_\_, if) (If) you find and believe from the evidence beyond a reasonable doubt:

First, that (on) (on or about) [*date*], in the (City) (County) of _____, State of Missouri, the defendant knowingly (entered) (remained) unlawfully (in) (a building) (an inhabitable structure) located at [*Briefly describe the location.*] and (owned) (possessed) by [*name of owner or possessor*], and

Second, that defendant did so for the purpose of committing the crime of [name of crime] therein,

then you will find the defendant guilty (under Count \_\_\_\_\_) of burglary in the second degree.

However, unless you find and believe from the evidence beyond a reasonable doubt each and all of these propositions, you must find the defendant not guilty of that offense.

[*Insert a definition of the crime that defendant intended.*]

M.A.I.-CR 323.54 (1998). The "Notes on Use" following this jury instruction states that terms, including inhabitable structure, may be defined by the Court on its own motion or if requested by a party. *Id.*, Notes on Use, 2(b). The jury instruction defining inhabitable structure tracks the statutory language. That is, an inhabitable structure includes a ship,

trailer, sleeping car, airplane, or other vehicle or structure where people live, conduct business, assemble, or spend the night. Mo. Rev. Stat. § 569.010(2); M.A.I.-CR 333.00 (2000).

Similar to the Iowa burglary statute in *Mathis*, the Missouri burglary statute "itemize[s] the various places that crime could occur as disjunctive factual scenarios rather than separate elements, so that a jury need not make any specific findings (or a defendant admissions) on that score." 136 S. Ct. at 2249. Similar to the Iowa burglary statute, the Missouri burglary statute defines inhabitable structure to include a ship, trailer, sleeping car, airplane, or other vehicle or structure where people live, conduct business, assemble, or spend the night." Mo. Rev. Stat. § 569.010(2). Similar to the Iowa burglary statute, Missouri statute provides alternative means for committing second-degree burglary that are broader than simply "a building or structure" required for generic burglary. Also, as set forth above, the prosecution need not allege or prove the type of structure involved in an individual's offense. Missouri's burglary statute could be violated by entry into an airplane, vehicle, sleeping car, and other non-buildings. For these reasons, the Court finds the means included in the Missouri statute are substantially similar to the means in the Iowa statute, which the Supreme Court found to be overbroad and did not qualify as an enumerated offense under the ACCA.

Because the means of committing second-degree burglary under Missouri's statute are broader than the means establishing generic burglary, Petitioner's conviction under the Missouri second-degree burglary statute does not qualify as generic burglary and cannot be used to enhance his sentence under the ACCA.[2] Because Petitioner's second-degree burglary and sodomy convictions do not qualify as ACCA predicate offenses, and Petitioner's second-degree assault and unlawful use of a weapon

---

[2] The parties' briefs do not readily distinguish Petitioner's first-degree and second-degree burglary convictions. Although there are similarities in language, Missouri's first-degree burglary statute requires additional elements that second-degree burglary does not. *Compare* Mo. Rev. Stat. § 569.160 (burglary in the first degree) *with* Mo. Rev. Stat. § 569.170 (burglary in the second degree). While Missouri's second-degree burglary statute does not qualify as an ACCA predicate offense, the Court makes no determination regarding whether Missouri's first-degree burglary statute is no longer a predicate offense in light of *Johnson* and *Mathis*.

9

convictions count as a single predicate offense, the Court finds Petitioner does not have at least three qualifying ACCA offenses and is entitled to relief under 28 U.S.C. § 2255.

### III.  CONCLUSION

Petitioner's Motion is granted.  Consistent with this Order, the Court will schedule a hearing for resentencing.

IT IS SO ORDERED.

                                           /s/ Ortrie D. Smith
                                           ORTRIE D. SMITH, SENIOR JUDGE
DATE: September 16, 2016            UNITED STATES DISTRICT COURT